# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY W. HUNTER,<br><br>  Petitioner,<br><br>v.<br><br>CHARLES M. HARRISON, Warden,<br><br>  Respondent. | Civil No.   06cv1402 BEN (LSP)<br><br>**ORDER REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254)** |

On July 10, 2006, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On July 20, 2006, this Court issued an order dismissing the case for Petitioner's failure to either pay the $5 filing fee or move to proceed in forma pauperis. [Doc. No. 2.] After receiving no response from Petitioner, the Court closed his case. On May 16, 2007, Petitioner moved to reopen his case and for waiver of the one year exception alleging that the $5 filing fee was deducted from his prison trust account but not sent to the Court by prison officials. [Doc. No. 5.] On May 18, 2007, this Court granted Petitioner's motion and reopened his case, requiring Petitioner provide the Court with proof of the prison trust withdrawal, or proof he could not pay the filing fee, or a motion to proceed in forma pauperis. [Doc. No. 6.] On June 20, 2007, the $5 filing fee was received by the Court from Petitioner.

In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

1. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **August 6, 2007**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

3. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **September 5, 2007**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

4. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

5. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1  Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to
2  Rule 5 of the Rules Governing § 2254 Cases no later than **August 21, 2007**.  At the time the
3  answer is filed, Respondent shall lodge with the Court all records bearing on the merits of
4  Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall
5  be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent**
6  **to Clerk's Office**."  Respondent shall not combine separate pleadings, orders or other items into
7  a combined lodgment entry.  Each item shall be numbered separately and sequentially.

8       6.  Petitioner may file a traverse to matters raised in the answer no later than **September**
9  **20, 2007**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each
10 allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive
11 to matters raised in the answer; and (c) shall not raise new grounds for relief that were not
12 asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.
13 No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause
14 shown.

15      7.  A request by a party for an extension of time within which to file any of the pleadings
16 required by this Order should be made in advance of the due date of the pleading, and the Court
17 will grant such a request only upon a showing of good cause.  Any such request shall be
18 accompanied by a declaration under penalty of perjury explaining why an extension of time is
19 necessary.

20      8.  Unless otherwise ordered by the Court, this case shall be deemed submitted on the day
21 following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

22      9.  Every document delivered to the Court must include a certificate of service attesting
23 that a copy of such document was served on opposing counsel (or on the opposing party, if such
24 party is not represented by counsel).  Any document delivered to the Court without a certificate
25 of service will be returned to the submitting party and will be disregarded by the Court.
26 //
27 //
28

1      10. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: June 25, 2007

                                    Hon. Leo S. Papas
                                    U.S. Magistrate Judge