UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY W. HUNTER,<br><br>                    Petitioner,<br>    v.<br>CHARLES M. HARRISON,<br><br>                    Respondent. | CASE NO. 06-1402-BEN(LSP)<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

On July 10, 2007, Petitioner Wesley W. Hunter ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. On August 28, 2007, Respondent Charles M. Harrison ("Respondent") filed a Motion to Dismiss the Petition. The Motion to Dismiss asserts that the Petition is untimely and barred by the statute of limitations. On September 17, 2007, Petitioner filed a "Response to Respondent's Motion to Dismiss," which the Court construes as Petitioner's Opposition ("Opposition") to the Motion to Dismiss.

In the Opposition, Petitioner asserts that on December 8, 2004, he was "transferred from Centinela State Prison to Lancaster State Prison" and was held in "'orientation' status until March 2005. (The entire prison system was back-logged due to over-crowding there...

all of the 'Orientation' inmates were kept on lock-down (sic) status with absolutely no access to the library." (Opposition at 2-3)

Petitioner also asserts that he was placed in "Ad. Seg." and that "all of (his) property had been seized by investigative staff and was not returned to (him) until late March 2006..." (Opposition at 3)

Petitioner's allegations may impact the Court's analyses of whether the Petition is barred by the statute of limitations. Therefore, IT IS HEREBY ORDERED:

On or before <u>October 27, 2007</u>, Respondent shall file a Supplemental Brief that addresses the following:

1. The date Petitioner was physically transferred from Centinela State Prison to Lancaster State Prison.
2. Petitioner's status at Lancaster State Prison from the date he arrived there, and whether Petitioner was on "Orientation" status at the time he arrived there.
3. If Petitioner was on "Orientation" status when he arrived at Lancaster State Prison, the rights and privileges Petitioner had or received, and did not have or receive, while on "Orientation" status.
4. If Petitioner was on "Orientation" status when he arrived at Lancaster State Prison, the date(s) his "Orientation" status was changed to another status, and a description of, and the meaning and/or significance of the new status, if any.
5. Whether Petitioner was kept on "lock-down" status at Lancaster State Prison, and if so, the dates thereof.
6. If Petitioner was on "lock-down" status at any time while

|   |     |                                                                                  |
|---|-----|----------------------------------------------------------------------------------|
| 1 |     | he was at Lancaster State Prison, whether he had access to                        |
| 2 |     | the law library during the lock-down period(s).                                   |
| 3 | 7.  | The date Petitioner was placed in Administrative                                  |
| 4 |     | Segregation from which he was released in "late March                             |
| 5 |     | 2006," and the reasons therefor.                                                  |
| 6 | 8.  | If Petitioner was placed in Administrative Segregation at                         |
| 7 |     | the time noted above, the rights and privileges, including                        |
| 8 |     | law library access, Petitioner had, or did not have,                              |
| 9 |     | during that time.                                                                 |
| 10| 9.  | Respondent shall lodge with the Court all documents and                           |
| 11|     | records that support responses to the above referenced                            |
| 12|     | issues.                                                                           |
| 13| 10. | Respondent shall either lodge with the Court, or cite in                          |
| 14|     | the Supplemental Brief, any rules, regulations or statutes                        |
| 15|     | that set forth the definitions, procedures, restrictions                          |
| 16|     | and/or policies of the following, as they directly relate                         |
| 17|     | to Petitioner:                                                                    |
| 18|     | a. Orientation                                                                    |
| 19|     | b. Lock-down                                                                      |
| 20|     | c. Administrative Segregation                                                     |
| 21|     | As to each of a, b and c above,                                                   |
| 22|     |   i. How is the inmate physically housed?                                |
| 23|     |  ii. What, if any, restrictions generally apply, and                          |
| 24|     |     specifically applied to Petitioner?                        |
| 25|     | iii. If there are general differences between a, b and c                          |
| 26|     |     above, what conditions or restrictions were imposed        |
| 27|     |     on Petitioner from the time he arrived at Lancaster        |
| 28|     |     State Prison?                                              |

The responses to the foregoing inquiries shall be tailored to address Petitioner's arguments that he was unable to access the law library and/or that the restrictions placed on him prevented him from having law library access. For example, if an inmate is normally allowed a certain number of hours of law library access per week or per month, please state the number of hours per week or per month. Please also state whether Petitioner was afforded the same amount of hours per week or per month for law library access while he was at Lancaster State Prison, or, if not, why not.

On or before <u>December 1, 2007</u>, Petitioner shall file a Response to Respondent's Supplemental Brief.

IT IS SO ORDERED.

DATED: September 18, 2007

Hon. Leo S. Papas
U.S. Magistrate Judge